UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:19-cv-00259-AB-MAA | Date: March 14, 2019 |
| Title: Malone *vs*. Warden | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cheryl Wynn | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**      **Order to Show Cause**

On January 28, 2019, Petitioner constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ("Petition," ECF No. 1.) The Petition alleges two grounds for relief: (1) "Stop And Frisk" and (2) "Lower Court Violated The Mandate Rule." (Petition at 5.) Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, the Petition appears to be wholly unexhausted.

Petitioner points to two cases in the state appellate courts pertaining to his Petition: California Supreme Court Case No. S252792 and California Court of Appeal Case No. E071859. The Court takes judicial notice of the dockets in these cases. *See* Fed. R. Civ. P. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts).

On November 21, 2018, Petitioner filed a petition for a writ of mandate in the California Supreme Court. *Malone v. Superior Court*, No. S252792 (filed Nov. 21, 2018). In the petition for writ of mandate, Petitioner argues that he was unconstitutionally sentenced to three years and eight months in prison for possession of a recreational drug because he is an addict and the sentencing court exceeded the maximum sentence, among other reasons. (*See* Petition at 10-12.) Petitioner apparently sought an order from the California Supreme Court vacating the criminal sentence and judgment and requiring the Riverside County Superior Court to pay Petitioner $25,000. (See Petition at 14 (proposed order).) On December 20, 2018, The California Supreme Court transferred the action to the California Court of Appeal. (*See* Petition at 16.) The petition is pending now in the

California Court of Appeal. *See Malone v. Superior Court*, No. E071859 (Cal. Ct. App. filed Dec. 24, 2018).

Federal habeas relief generally is unavailable when a petitioner has not exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that a petitioner "fairly present" his federal claims to a state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To satisfy this requirement, a petitioner must describe both the operative facts and the precise federal legal theory on which his claim is based to the California Supreme Court. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). The Court may raise exhaustion issues *sua sponte* and may summarily dismiss on exhaustion grounds. See *Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Assuming the California courts treat the state-court petition as a petition for writ of habeas corpus, the Petition's claims seem yet to be exhausted. *First*, assuming the entire petition for writ of mandate was included as an exhibit to the Petition here (*see* Petition at 8-15), the Petition does not appear to present Petitioner's claims of "Stop And Frisk" and "Lower Court Violated the Mandate Rule." A "judicial mandate" regarding "stop and frisk" is mentioned in a freestanding declaration predating the California Supreme Court filing (*id.* at 7), but those terms are not used in the petition for writ of mandate itself. Thus, it appears Petitioner has not presented to the California appellate courts the operative facts and precise federal legal theory on which his claims in this action are based. *See Gray*, 518 U.S. at 162.

*Second*, even if Petitioner's federal habeas claims were presented in the state-court petition, Petitioner does not appear to have exhausted his state-court remedies. The petition is pending now in the intermediate appellate court. Petitioner cannot proceed in this federal district court until he fairly presents his federal claims to the state's highest court—that is, the California Supreme Court. See Baldwin, 541 U.S. at 29. The fact that Petitioner initially filed his petition in the highest state court does not mean he has satisfied the exhaustion requirement. *See Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) ("Regardless of whether or how a petitioner has presented a claim, however, that claim has been exhausted if the state courts have in fact ruled on its merits."). The California Supreme Court has not issued a ruling on the merits of the petition for writ of mandate. (*See* Petition at 16 (transferring petition to Court of Appeal without deciding the petition's merits).)

Consequently, Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition without prejudice for failure to exhaust his claims in state court. Petitioner must respond to this Order to Show Cause no later than **April 15, 2019**. In his response, Petitioner may elect one of the following three options:

(1) <u>Notice of Dismissal</u>. Petitioner may file a notice of dismissal of his Petition. The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) <u>Response to Order to Show Cause</u>. If Petitioner contends that he has exhausted his state court remedies on his federal habeas claims, he may clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.

(3) <u>Request for *Rhines* Stay</u>. Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (district court has discretion to stay and hold in abeyance, rather than dismiss, a state prisoner's wholly unexhausted federal habeas petition). If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition. He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless, by citing the Supreme Court authority upon which he is relying in support of that claim. Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277-78.

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

**Initials of Preparer      cw**