Case No.:  5:19-cv-00259-AB-MAA                              Date:  May 7, 2019

Title:   Malone v. Warden

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Chris Silva  | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     **Second Order to Show Cause**

On January 28, 2019, Petitioner constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ("Petition," ECF No. 1.)  The Petition alleges two grounds for relief: (1) "Stop And Frisk" and (2) "Lower Court Violated The Mandate Rule."  (*Id.* at 5.)  Observing that the Petition appears to be wholly unexhausted, the Court ordered Petitioner to show cause why the Court should not recommend dismissal of the Petition without prejudice for failure to exhaust.  (ECF No. 6.)  The Court ordered Petitioner to file a response to the Order to Show Cause no later than April 15, 2019.  (*Id.* at 3.)  To date, no response or request for extension of time in which to file a response has been lodged with this Court.

The Court will afford Petitioner one final opportunity to respond.  Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition without prejudice for failure to prosecute and failure to exhaust his claims in state court.  Petitioner must respond to this Order to Show Cause no later than **June 6, 2019**.  In his response, Petitioner may elect one of the following three options:

(1) Notice of Dismissal.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) Response to Order to Show Cause.  If Petitioner contends that he has exhausted his state court remedies on his federal habeas claims, he may clearly explain this in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing

that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.

(3) <u>Request for *Rhines* Stay</u>. Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (district court has discretion to stay and hold in abeyance, rather than dismiss, a state prisoner's wholly unexhausted federal habeas petition). If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition. He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless, by citing the Supreme Court authority upon which he is relying in support of that claim. Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277-78.

**Petitioner again is cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

|  |  |
|---|---|
| **Time in Court:** | 0:00 |
| **Initials of Preparer:** | CSI |